**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Gilbert,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Superior Court Department of Juvenile Probation ("State of Arizona"), et. al.,<br><br>　　　　Defendants. | No. CV-10-919-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss filed by Defendants Maricopa County Superior Court Department of Juvenile Probation ("State of Arizona"), et. al. (Doc. 13). Defendants seek dismissal on a number of grounds. For the following reasons, the Court grants the Motion.

**BACKGROUND**

Plaintiff has filed three previous employment discrimination lawsuits against the State of Arizona and her co-workers. The first case, brought April 25, 2007, alleged gender-based employment discrimination against the Maricopa County Superior Court, among others. (CV-07-854-FJM). On May 8, 2008, Judge Martone issued an order granting Defendants' partial motion to dismiss and partial motion for a more definite statement, ordering Plaintiff to file a more definite statement concerning any Title VII gender discrimination claims against the state of Arizona within ten days. (CV-07-854-FJM, Doc. 15). Plaintiff failed to comply with

1   the Court's order, and her case was dismissed on May 19, 2008. (CV-07-854-FJM, Doc. 16).

2   On June 20, 2008, Plaintiff filed another complaint in the District of Arizona, again
3   alleging gender discrimination at her workplace and naming the Maricopa County Superior
4   Court as Defendant. (CV-08-1148-GMS). This Court, on October 29, 2008, issued an order,
5   in which we noted that Plaintiff had not served Defendants and ordered the case to be
6   dismissed in ten days, unless Plaintiff could show good cause for her failure to serve. (CV-
7   08-1148-GMS, Doc. 6). Plaintiff failed to comply with the Court's order, and her case was
8   dismissed on November 17, 2008. (CV-08-1148, GMS, Doc. 7).

9   In her third suit, filed August 24, 2009, Plaintiff alleged gender, age, and disability
10  discrimination against the Maricopa County Juvenile Probation Department and various co-
11  workers. (CV-09-1756-MHM). Plaintiff amended her complaint on November 17, 2009, and
12  sought to amend her complaint a second time on January 27, 2010, to include more
13  allegations of gender discrimination under Title VII as well as violations of the ADEA. On
14  July 2, 2010, Judge Murguia denied Plaintiff's motion to amend her complaint and granted
15  Defendants' motion to dismiss on grounds that amending the complaint would be futile.
16  *Frances Gilbert v. Maricopa County, et. al.*, 2010 WL 2712225, at *6 (D. Ariz. 2010).
17  Specifically, the Court found that res judicata applied to the claims that Plaintiff could have
18  raised in her June 20, 2008 complaint in the second lawsuit, and that with regards to the
19  remainder of her claims, Plaintiff failed to state a claim for relief. *Id.* at *3, 6.

20  Plaintiff filed her Complaint in the present action on April 27, 2010, while her third
21  lawsuit was still pending before Judge Murguia. Plaintiff again alleges age, disability, and
22  gender discrimination against the Maricopa County Juvenile Probation Department and
23  various co-workers pursuant to the ADA, ADEA, and Title VII. Unlike her prior complaint,
24  Plaintiff now alleges retaliation under Title VII as well. In her Response to Defendants'
25  Motion to Dismiss, Plaintiff concedes that her ADA and ADEA claims against the State are
26  barred by the 11th Amendment and she also agrees to dismiss her claims against the
27  individual Defendants for failure to serve. (Doc. 15).  Accordingly, the only remaining claim
28  against the State is her Title VII retaliation claim.

**DISCUSSION**

As a general rule, res judicata is an affirmative defense raised in an answer under Rule 8(c) of the Federal Rules of Civil Procedure. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Parties may, however, raise res judicata in a motion to dismiss when there is no fact in dispute. *Id.* Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action. *San Remo Hotel, L.P. v. City & County of S.F.*, 545 U.S. 323, 336 (2005). The elements necessary to establish claim preclusion are: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between the parties. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1050–52 (9th Cir. 2005).

**A. Identity of Claims**

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted). In other words, Plaintiff is barred from bringing "grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Id.* (internal quotations omitted). The allegations in Plaintiff's present Complaint and the ones she filed in the prior three lawsuits clearly arise from the same transactional nucleus of facts – the allegedly unfavorable treatment Plaintiff suffered as an employee of the Maricopa County Department of Juvenile Probation. Although the current action also alleges Title VII retaliation claims, this is a ground for recovery which could have been asserted in a prior suit between the same parties.

Plaintiff argues that she could not have brought her Title VII retaliation claims in her previous suits because she had not yet received her "right to sue" letter from the Equal

1  Employment Opportunity Commission ("EEOC").[1] The two EEOC Complaints which form
2  the basis of Plaintiff's retaliation claim were filed on August 21, 2009 and December 3,
3  2009, and all of the allegedly discriminatory acts arising from them occurred prior to
4  November 17, 2009, the date on which Plaintiff filed her first amended complaint in her third
5  lawsuit. Moreover, in *Owens v. Kaiser Foundation Health Plan, Inc.*, the Ninth Circuit held
6  that "Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have
7  neither sought a stay from the district court for the purpose of pursuing Title VII
8  administrative remedies nor attempted to amend their complaint to include their Title VII
9  claims." 244 F.3d 708, 714–15 (9th Cir. 2001). Thus, under *Owen*, a plaintiff's Title VII
10 claims are barred by res judicata even though plaintiff has not yet received a "right to sue"
11 letter from the EEOC at the time of their first action. *Id*.

12 On January 27, 2010, Plaintiff moved to amend the complaint in her third lawsuit for
13 a second time in order to assert additional claims of gender discrimination under Title VII
14 and the ADEA. She did not, however, seek to amend her complaint to include retaliation
15 claims under Title VII. A review of docket entries in Plaintiff's 2009 lawsuit also indicates
16 that she failed to seek a stay. Plaintiff had ample time to either secure her "right to sue" letter
17 prior to filing her third action in August 2009, or alternatively could have sought a stay
18 pending her administrative proceedings before the EEOC. Given Plaintiff's failure to
19 exercise either option, we determine that the cause of action asserted against the State of
20 Arizona in the instant case satisfies the identity of claims element.

**B. Final Judgment on the Merits**

Dismissal of Plaintiff's three previous lawsuits were on the merits. The Ninth Circuit
recognizes that even a dismissal for failure to prosecute, unless otherwise specified, is an
adjudication on the merits. *Owens*, 244 F.3d at 714 ("involuntary dismissal generally acts as
a judgment on the merits for the purposes of res judicata") (internal quotations omitted). The

---

[1] Title VII requires that a plaintiff obtain a "right to sue" letter from the EEOC before filing an action. *See Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172–74 (9th Cir. 1986), *amended by* 815 F.2d 570 (9th Cir. 1987).

- 4 -

1 May and November 2008 dismissals are considered on the merits for purposes of res judicata
2 because they were based on Plaintiff's failure to comply with the Court's orders requiring
3 her to file a more definite statement of her claims, and to show good cause for her failure to
4 serve Defendants, respectively. The July 2, 2010 dismissal of Plaintiff's third lawsuit was
5 also a judgment on the merits because the Court found that she failed to state a claim for
6 relief and that her proposed amendments would have been futile. *See Dumas v. Kipp*, 90 F.3d
7 386, 393 (9th Cir. 1996) (dismissal with prejudice is proper if amendment would be futile in
8 saving plaintiff's case). Accordingly, Plaintiff is barred from litigating any claims that arose
9 prior to November 17, 2009, the date she filed her first amended complaint in the third
10 lawsuit. All of the factual allegations pled in this current action occurred prior to November
11 17, 2009. Plaintiff could have, and indeed should have, included these allegations in her third
12 lawsuit and res judicata bars her from litigating issues on which there has already been issued
13 a final judgment on the merits.

**C. Privity Between the Parties**

15 Privity between the parties in Plaintiff's third suit and the present action clearly exists
16 because the only remaining Defendant, Maricopa County Juvenile Probation Department,
17 was also a party to the prior suit. Furthermore, as discussed at length in Judge Murguia's July
18 2, 2010 Order, Defendant Maricopa County Juvenile Probation Department is merely a
19 subsection of Maricopa County Superior Court. *See Broomfield v. Maricopa County*, 112
20 Ariz. 565, 568, 544 P.2d 1080, 1083 (1975) (noting that probation officers are part of judicial
21 function); *State v. Pima County Adult Prob. Dep't*, 147 Ariz. 146, 148, 708 P.2d 1337, 1339
22 (Ct. App. 1985) (explaining that statutes and case law demonstrate probation officers are part
23 of the judicial department). There is therefore privity between Plaintiff and Defendant.

24 In short, because there is an identity of claim, a final judgment on the merits, and
25 privity between the parties, Plaintiff's Title VII retaliation claim, her only remaining claim,
26 is subject to res judicata, and accordingly barred.

27 / / /

1 **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is
2 **GRANTED**. The Clerk of the Court is directed to terminate this action.
3   DATED this 25th day of January, 2011.

G. Murray Snow
United States District Judge